UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| INDIANAPOLIS AIRPORT AUTHORITY, | ) | |
|     *Plaintiff*, | ) | |
| | ) | |
|     *vs.* | ) | 1:13-cv-01316-JMS-TAB |
| | ) | |
| TRAVELERS PROPERTY CASUALTY COMPANY | ) | |
| OF AMERICA, | ) | |
|     *Defendant*. | ) | |

## ORDER

Presently pending before the Court is Defendant Travelers Property Casualty Company of America's ("Travelers") Objection to the Magistrate Judge's December 23, 2014 Order Granting in Part and Denying in Part Plaintiff Indianapolis Airport Authority's ("IAA") Motion to Compel, [Filing No. 90], and IAA's Motion for Leave to File a Surreply, [Filing No. 114]. For the reasons explained, Travelers' objection is **OVERRULED** and IAA's motion is **DENIED**.

## I.
### BACKGROUND

This suit involves a dispute regarding insurance coverage. IAA, the insured party, brought this suit against its insurer, Travelers, for coverage of its claim relating to the collapse of temporary shoring towers used in the construction of IAA's new midfield terminal project. IAA alleges that Travelers breached the insurance contract and seeks a declaratory judgment regarding its coverage under the insurance policy. Further background facts are detailed only to the extent necessary to rule on the parties' objection and motion.

IAA filed a Motion to Compel on September 9, 2014. [Filing No. 67.] It sought to compel Travelers to produce several categories of documents listed on Travelers' August 2, 2014 Second Amended Privilege Log ("Second Privilege Log"). Specifically, IAA sought the following categories of documents: (1) those withheld on the basis of work product; (2) those withheld on

the basis of attorney-client privilege for discussion of "coverage issues"; (3) those withheld on the basis of attorney-client privilege, but where Travelers' in-house counsel was not acting as an attorney; (4) subrogation documents; and (5) those reflecting the reserve amounts. [Filing No. 67.]

The Magistrate Judge granted in part and denied in part IAA's Motion to Compel. [Filing No. 88.] As to the documents withheld on the basis of attorney-client privilege, the Magistrate Judge determined that there was insufficient information on Travelers' Second Privilege Log to determine whether the withholding of those documents was proper. [Filing No. 88 at 2-5.] Travelers was therefore ordered to supplement its Second Privilege Log to more thoroughly describe the documents deemed privileged, and the parties were ordered to "meet and confer in an effort to resolve these outstanding discovery requests." [Filing No. 88 at 5.] The Magistrate Judge ordered production of the subrogation documents, [Filing No. 88 at 5-6], but denied IAA's motion with respect to the documents reflecting reserve amounts, [Filing No. 88 at 11-14]. Finally, with respect to the documents withheld as work product, the Magistrate Judge determined that Travelers anticipated litigation only from August 17, 2012 onward, and thus documents before this date could not be withheld as work product. [Filing No. 88 at 7-11.]

Travelers filed the instant objection to the Magistrate Judge's Order. [Filing No. 90.] As discussed below, Travelers objects to two portions of the Magistrate Judge's Order.

## II.
### STANDARD OF REVIEW

Fed. R. Civ. P. 72(a) provides that the Court must consider timely objections to a magistrate judge's decision on a nondispositive motion, and modify or set aside any part of a magistrate judge's order "found to be clearly erroneous or contrary to law." *See also* 28 U.S.C. § 636(b)(1)(A) (providing that the district court can reconsider any pretrial matter decided by a magistrate judge where it has been shown that a magistrate judge's order is clearly erroneous or contrary to law).

"The clear error standard means that the district court can overturn the magistrate judge's ruling only if [it] is left with the definite and firm conviction that a mistake has been made." *Weeks v. Samsung Heavy Indus. Co., Ltd.*, 126 F.3d 926, 943 (7th Cir. 1997). A magistrate judge's decision regarding whether to compel discovery is considered nondispositive, so the clear error standard applies. *See Crouse Cartage Co. v. Nat'l Warehouse Inv. Co.*, 2003 WL 21254617, *1 (S.D. Ind. 2003) (entry on motion to compel discovery is a nondispositive matter).

### III.
### DISCUSSION

#### A.      IAA's Motion for Leave to File a Surreply

IAA seeks leave to file a surreply regarding Travelers' objection. [Filing No. 114.] Specifically, IAA argues that a surreply is necessary because Travelers raises a new argument in its reply brief that it did not raise before the Magistrate Judge regarding the standard that should be applied in determining when Travelers first anticipated litigation. [Filing No. 114 at 1.]

Travelers responds that it did not raise a new argument. [Filing No. 116 at 1-2.] But it counters that if the Court is inclined to permit a surreply, the Court should entertain several additional arguments and requests. [Filing No. 116 at 3.] For example, Travelers "offers to submit *in camera* any document, exhibit or portion of its claim notes which the Court wishes to review." [Filing No. 116 at 3.]

IAA replies that the Court cannot consider arguments and evidence that were not before the Magistrate Judge, and that Travelers indisputably relies on arguments and evidence that were not previously raised. [Filing No. 118 at 1.] IAA argues further that the Court should reject Travelers' offer to review evidence *in camera*, as that evidence was not reviewed by the Magistrate Judge and thus cannot be considered. [Filing No. 118 at 2.]

The Court denies IAA's Motion for Leave to File a Surreply, but does so because IAA is correct that the Court must only consider arguments and evidence presented to the Magistrate Judge. Given that the Court is reviewing the Magistrate Judge's Order, reliance on arguments or evidence not presented to the Magistrate Judge is impermissible. *See United States v. Melgar*, 227 F.3d 1038, 1040 (7th Cir. 2000) ("[A]rguments not made before a magistrate judge are normally waived."); *Woodall v. Jo-Ann Stores, Inc.*, 2015 WL 417660, *2 (S.D. Ind. 2015) ("Arguments not raised before a magistrate judge and raised for the first time in the objections filed before the district judge are waived."). Therefore, the Court need not permit IAA to file a surreply to respond to arguments or evidence not presented to the Magistrate Judge; the Court will not consider such arguments in ruling on Travelers' Objection.

The parties' approach to litigating the discovery issues in this case requires the Court to make clear the respective roles of the Magistrate Judge and the undersigned in resolving discovery disputes. The Magistrate Judges are this district court's first line in resolving discovery disputes. *See* 28 U.S.C. § 636(b)(1)(A). Parties are permitted to file objections to the Magistrate Judge's discovery orders, but those objections will only be sustained if the Court determines that the Magistrate Judge's decision is "clearly erroneous" or "contrary to law." Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A); *see Domanus v. Lewicki*, 742 F.3d 290, 295 (7th Cir. 2014). Thus, when ruling on an objection, this Court essentially functions as an appellate court applying a highly deferential standard of review. Although no deference is afforded to the Magistrate Judge's resolution of legal questions, the Magistrate Judge's resolution of factual questions will only be disturbed if clearly erroneous, which is an especially difficult showing to make. *See S. Industries, Inc. v. Centra 2000, Inc.*, 249 F.3d 625, 627 (7th Cir. 2001) (stating that a decision is only clearly erroneous if "it strikes us as wrong with the force of a 5 week old, unrefrigerated, dead fish");

*Weeks*, 126 F.3d at 943 ("The clear error standard means that the district court can overturn the magistrate judge's ruling only if [it] is left with the definite and firm conviction that a mistake has been made."). In short, discovery disputes should be vigorously litigated in front of the Magistrate Judge in the first instance, and this Court will review the Magistrate Judge's decision only through the narrow lens prescribed by Congress and the Federal Rules of Civil Procedure and on the basis of the record submitted to the Magistrate Judge. *See* Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A).

The parties' briefing, especially Travelers', treats the Court's review of the Magistrate Judge's decision as an opportunity for *de novo* presentation and review. It is not. To invoke schoolyard vernacular: no do-overs. One example is Travelers' suggestion that the Court review documents *in camera* that were not reviewed by the Magistrate Judge. Other examples include Travelers' numerous arguments that were not raised before the Magistrate Judge, and its attempts to further develop and expand upon arguments in its objection that were made only in a cursory fashion to the Magistrate Judge. As stated above, this is clearly inappropriate; arguments and evidence not presented to the Magistrate Judge are waived. *See Melgar*, 227 F.3d at 1040; *Woodall*, 2015 WL 417660, at *2. Because the Court's review of the Magistrate Judge's decision is limited to ensuring that the decision was not "clearly erroneous" or "contrary to law," Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A), the parties' arguments in the objection should focus only on that precise question. In other words, the parties should explain to this Court what about the Magistrate Judge's ruling falls into one of those two categories. But to do so, they must rely on arguments and evidence that they presented to the Magistrate Judge. The parties should ensure that any further objections follow this clearly delineated framework by fully presenting any and all arguments regarding discovery disputes to the Magistrate Judge in the first instance and, should

either party file an objection, by explaining in the objection the basis for sustaining the objection given the Court's narrow standard of review.

For these reasons, in considering Travelers' objection, the Court will confine its review of the Magistrate Judge's ruling to the arguments and evidence presented to the Magistrate Judge and will disregard the newly submitted evidence and arguments presented by the parties. Accordingly, IAA's Motion to for Leave to File a Surreply is **denied**.

**B.     Travelers' Objections to the Magistrate Judge's Order**

Travelers challenges two of the Magistrate Judge's rulings regarding IAA's Motion to Compel. First, Travelers objects to producing a sub-category of the subrogation documents the Magistrate Judge ordered produced. [Filing No. 90 at 3-8.] Second, Travelers objects to the Magistrate Judge's decision that it only began anticipating litigation on August 17, 2012, thereby deeming documents created prior to that date unprotected by the work-product doctrine. [Filing No. 90 at 8-16.] The Court addresses each objection in turn.

### 1.     The Subrogation Documents

The Magistrate Judge ruled that Travelers must produce documents regarding its subrogation investigation to IAA. [Filing No. 88 at 6.] Specifically, the Magistrate Judge rejected Travelers' argument that the subrogation documents were made in anticipation of litigation (and thus work product) and irrelevant to IAA's claim, stating that "Travelers' subrogation investigation appears to reflect the typical and ordinary evaluation of whether the insurer has any subrogation interest to pursue," and that "the mere fact that subrogation investigation notes [were] included in IAA's main claim file suggests that [they were] relevant to IAA's claim." [Filing No. 88 at 6.]

Travelers does not object to the Magistrate Judge's relevancy determination. Instead, Travelers asserts that "the Magistrate Judge may not have appreciated . . . that there are two types

of subrogation documents that Travelers withheld and/or redacted." [Filing No. 90 at 4.] According to Travelers, there are "(1) internal Travelers subrogation notes authored by Travelers' non-attorney subrogation handlers related to their subrogation activities (which appears to be what the Magistrate envisioned should be produced); and (2) specific attorney-client communications between Travelers' outside subrogation counsel and Travelers' personnel containing outside counsel's legal opinions, mental impressions and legal advice." [Filing No. 90 at 4.] Travelers maintains that, although it has produced the first category of documents, it is unclear from the Magistrate Judge's Order whether it must produce the second category, and to the extent that it must, it objects to the production of "these strictly attorney-client communications containing attorney mental impressions, legal opinions and legal advice." [Filing No. 90 at 4.]

IAA responds that this is the first time Travelers has ever stated that there are two categories of subrogation documents. [Filing No. 101 at 12.] Furthermore, IAA states that the Magistrate Judge's Order was clear, requiring Travelers to produce the documents regarding its subrogation investigation, without reservation. [Filing No. 101 at 12.] The Magistrate Judge placed this beyond dispute in a footnote, says IAA, by explicitly stating that "'[a]ttorney-client communications with no reference to subrogation need not be produced." [Filing No. 101 at 13 (quoting Filing No. 88 at 6 n.5).] Finally, even if the Court reaches the merits of Travelers' arguments, says IAA, it is clear that when, as here, an attorney performs non-attorney functions, "the attorney's communications relating thereto are not protected by the [attorney-client] privilege." [Filing No. 101 at 13.]

Travelers replies by asserting that the Magistrate Judge did not order it to produce the second category of documents, although Travelers does not address the footnote in the Magistrate Judge's Order to which IAA points. [Filing No. 107 at 11.] Furthermore, Travelers contends that

"neither the Magistrate nor IAA have suggested, argued or presented any evidence that Travelers' outside subrogation counsel was acting as anything other than an attorney when it provided legal advice . . . to Travelers relating to subrogation," and therefore there is "no factual or legal basis to require Travelers to produce those strictly attorney-client communications." [Filing No. 107 at 11.]

As an initial matter, the Court emphasizes that Travelers should have no doubts as to whether the Magistrate Judge ordered it to produce all of the subrogation documents.[1] First, the Magistrate Judge stated in no uncertain terms that "Travelers must produce the documents regarding its subrogation investigation." [Filing No. 88 at 6.] Second, as IAA points out and Travelers ignores in its reply brief, the Magistrate Judge stated that "[a]ttorney-client communications with no reference to subrogation need not be produced." [Filing No. 88 at 6.] The fact that the Magistrate Judge categorically ordered that subrogation documents had to be produced, coupled with the fact that the Magistrate Judge carved out of that obligation only attorney-client communications with no reference to subrogation, could only mean that all other documents relating to subrogation had to be produced, including those containing attorney-client communications. Travelers' suggestion that the Magistrate Judge's order on this point is unclear is unfounded.

Turning to Travelers' objection to this order, it must be overruled. First and foremost, Travelers' argument that there are two categories of documents, the second of which contains attorney-client communications that should not be produced, was not made before the Magistrate

---

[1] The Court notes that if Travelers believes an Order of the Magistrate Judge is unclear or unintentionally overbroad, it should seek clarification from, or file a motion for reconsideration with, the Magistrate Judge. It is not this Court's duty to interpret—or as Travelers urges, reinterpret—the Magistrate Judge's ruling for the parties.

Judge and thus will not be considered here.  *See Melgar*, 227 F.3d at 1040; *Woodall*, 2015 WL 417660, at *2.  The problem is not only that Travelers divides the evidence into two categories for the first time, but also that it argues for exclusion of the second category on a ground not adequately raised before the Magistrate Judge.  In its response to IAA's Motion to Compel, Travelers asserted that the subrogation documents were protected by the work product and attorney-client privileges, but did not cogently articulate why the attorney-client privilege protects the subrogation documents.[2]  [*See* Filing No. 71 at 23-26.]  Although Travelers discussed the work-product doctrine in more detail, it failed to distinguish between the two distinct doctrines and specifically provide an explanation, accompanied by citations to legal authorities and evidence, as to why the attorney-client privilege was applicable to the specific subrogation documents in this case.  [Filing No. 71 at 23-24.]  Given the confusing presentation of the issue, the Magistrate Judge understandably considered only whether the subrogation documents constituted work product.  [*See* Filing No. 88 at 6 (analogizing this case to *Compton v. Allstate Property & Cas. Ins. Co.*, 278

---

[2] The Court notes the difficultly the Magistrate Judge might have in making determinations regarding the applicability of the attorney-client privilege without viewing the contested documents *in camera*.  *See Am. Nat'l Bank & Trust Co. v. Equitable Life Assurance Soc'y*, 406 F.3d 867, 880 n.7 (7th Cir. 2005) ("Only when the district court has been exposed to the contested documents and the specific facts which support a finding of privilege under the attorney-client relationship for each document can it make a principled determination as to whether the attorney-client privilege in fact applies.") (citation and quotation marks omitted).  Travelers never submitted any of these documents to the Magistrate Judge for *in camera* review, and it was Travelers' burden to prove the privilege's applicability.  *See Cummins, Inc. v. Ace Am. Ins. Co.*, 2011 WL 1832813, *6 (S.D. Ind. 2011) ("The party relying on the [attorney-client] privilege to withhold a communication has the burden to prove the privilege's applicability and must do so on a communication-by-communication or document-by-document basis.") (citing *Howard v. Dravet*, 813 N.E.2d 1217, 1222 (Ind. Ct. App. 2004)).  In fact, when IAA suggested a sampling of documents that the Magistrate Judge might review to test Travelers' privilege claim, Travelers objected.  Travelers took an all or nothing approach, but without specifically noting why every allegedly privileged document must be reviewed.  Absent a specific request, supported by a sufficient argument as to why it is necessary, the Court cannot conclude that fact that the Magistrate Judge did not review the documents *in camera* was erroneous.

F.R.D. 193, 198 (S.D. Ind. 2011), and concluding that, like *Compton*, the subrogation documents at issue here were not work product).] Therefore, Travelers' belated attempt to cogently address the attorney-client privilege in its objection cannot be countenanced, as it waived any such argument by not adequately presenting it to the Magistrate Judge. *See Ripberger v. Corizon, Inc.,* 773 F.3d 871, 879 (7th Cir. 2014) (stating that arguments that are "perfunctory and undeveloped" are waived); *see also Melgar*, 227 F.3d at 1040; *Woodall*, 2015 WL 417660, at *2.

For these reasons, Travelers' objection to the Magistrate Judge's order with respect to the subrogation documents is overruled.

### 2.    *Work Product Documents*

The Magistrate Judge determined that all documents dated prior to August 17, 2012, that are marked as work product must be produced. [Filing No. 88 at 11.] Travelers' arguments for an earlier anticipation-of-litigation date were rejected by the Magistrate Judge. As relevant here, the Magistrate Judge first rejected that Travelers' reservation of rights letter dated February 9, 2007, demonstrated that it anticipated litigation, since it was merely a two-page letter that reserved Travelers' rights and indicated that an investigation into the incident was ongoing. [Filing No. 88 at 8-9.] The Magistrate Judge determined that the same was true of subsequent reservation of rights letters sent in 2007, 2008, and 2009; those "letters reveal that Travelers and IAA were still working with each other to determine the extent of the claim at issue," and "appear[] to be part of the ordinary course of Travelers' business." [Filing No. 88 at 9.] The Magistrate Judge also reasoned that IAA's multiple requests to toll the contractual statute of limitations did not demonstrate that Travelers anticipated litigation because both parties "sought to toll the statute of limitations throughout the investigation" and "sought to extend the statute for filing as they continued to work together on handling claims." [Filing No. 88 at 10.] However, the Magistrate

Judge rejected IAA's contention that Travelers anticipated litigation only as of July 10, 2013, which was the date of Travelers' final claim decision. [Filing No. 88 at 9.] Instead, the Magistrate Judge determined that an IAA letter to Travelers sent August 17, 2012—which accuses Travelers of not acting in good faith or moving any closer to resolving IAA's claim—is when Travelers reasonably anticipated litigation. [Filing No. 88 at 9-10.] The Magistrate Judge concluded: "IAA's August 17, 2012, letter marks a drastic shift in the relationship between the insured and the insurer such that the parties could reasonably anticipate litigation." [Filing No. 88 at 11.]

Travelers objects to the Magistrate Judge's determination that litigation was not anticipated until August 17, 2012; Travelers contends it was anticipated much earlier.[3] [Filing No. 90 at 8-9.] Travelers offers five reasons why this is so: (1) IAA itself asserted the work-product privilege for several documents dating from as early as 2007; (2) the Magistrate Judge erred in not applying the presumption recognized in *Cummins* that a reservation of rights letter, in certain circumstances, demonstrates that the parties anticipate litigation; (3) Travelers' insurance policy contains a two-year contractual statute of limitations, which IAA requested be tolled on several occasions; this and other communications between the parties show that litigation was anticipated well before

_____

[3] Travelers has left the Court no choice but to state what the Court believes is obvious, but in any event is required: when citing to the record in support of an argument, Travelers should cite not only the docket number, but also the page in which the relevant evidence is found. This requirement is clearly set forth in the undersigned's Practices and Procedures—which not only can be found on the Court's website but were docketed in this case—under the heading "Citation Form": "In a supporting brief, cite to the docket number, the attachment number (if any), *and the applicable .pdf page*." [Filing No. 21 at 3 (emphasis added).] On several occasions, Travelers references or quotes from a document, and follows that reference or quotation with a citation only to the docket number of the relevant exhibit. [*See, e.g.*, Filing No. 90 at 11 (citing "Dkt. 71-4").] The exhibit found at "Dkt. 71-4" is 182 pages. [*See* Filing No. 71-4.] To say such a general citation makes reviewing the relevant evidence unnecessarily cumbersome is an understatement. It is also somewhat perplexing given that Travelers wants the Court to rely on some type of information within this evidence to overrule the Magistrate Judge. Without specific citation the Court is left to guess what Travelers is specifically arguing as factual support for its position. Travelers should ensure that it follows this Court's Practices and Procedures going forward.

August 17, 2012; (4) the Magistrate Judge failed to consider whether IAA showed substantial need for the work-product documents; and (5) other privileges, such as the attorney-client privilege, apply to documents dated prior to August 17, 2012, such that those documents need not be disclosed. [Filing No. 90 at 8-16.]

IAA responds to each of Travelers' five arguments as follows: (1) IAA anticipated litigation on August 10, 2012, and removed any work-product claims from documents before that date, and in any event, it is when Travelers, not IAA, anticipated litigation that is determinative of the propriety of Travelers invocation of work-product protection; (2) *Cummins* did not recognize a presumption regarding reservation of rights letters; (3) the Magistrate Judge specifically addressed the tolling agreements between the parties and correctly rejected the argument that the agreements demonstrate that litigation was anticipated; (4) the Magistrate Judge had no reason to assess IAA's need for the documents dated prior to August 17, 2012, because the substantial need requirement only applies to documents deemed work product; and (5) Travelers was not ordered to produce documents shielded by other privileges.

In reply, Travelers largely repeats the same arguments it initially made. [Filing No. 107 at 3.] Most relevant is that Travelers highlights the several occasions in which it tolled its contractual statute of limitations under specific threats of litigation well before the August 17, 2012, date settled on by the Magistrate Judge. [Filing No. 107 at 3-5.]

"Ordinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative." Fed. R. Civ. P. 26(b)(3)(A). This doctrine, known as the work-product doctrine, "protects documents prepared by attorneys in anticipation of litigation for the purpose of analyzing and preparing a client's case." *Sandra T.E. v. S. Berwyn Sch. Dist. 100*, 600 F.3d 612, 618 (7th Cir. 2010). In determining whether

this doctrine applies, the Court must analyze whether each "document can fairly be said to have been prepared or obtained *because* of the prospect of litigation." *Logan v. Commercial Union Ins. Co.*, 96 F.3d 971, 976-77 (7th Cir. 1996) (emphasis in original) (citation and quotation marks omitted). "While much of the paperwork generated by insurance companies is prepared with an eye toward a possible legal dispute over a claim, it is important to distinguish between an investigative report developed in the ordinary course of business as a precaution for the remote prospect of litigation and materials prepared because some articulable claim, likely to lead to litigation . . . ha[s] arisen.'" *Id.* (citation and quotation marks omitted). In other words, for a document to constitute work product, "the primary motivating purpose behind the creation of a document or investigative report must be to aid in possible future litigation." *Binks Mfg. Co. v. Nat'l Presto Industries, Inc.*, 709 F.2d 1109, 1119 (7th Cir. 1983) (citation and quotation marks omitted). These are the legal standards applied by the Magistrate Judge; recognizing this, Travelers assails the Magistrate Judge's factual determinations.

The Court will address each of Travelers' bases to overrule the Magistrate Judge's determination under the limited standard of review set forth above. First, Travelers points out that IAA itself asserted the work-product privilege regarding several of its documents from 2007 to 2012. [Filing No. 90 at 9-10.] However, as IAA rightly responds, the focus of the inquiry is not on when IAA anticipated litigation, but whether the documents Travelers seeks to protect as work product were created in anticipation of litigation. *See Logan*, 96 F.3d at 976-77. This is the inquiry on which the Magistrate Judge focused, and nothing about IAA's assertions of work-product demonstrates that the Magistrate Judge's decision was clearly erroneous as to Travelers' assertions of the privilege.

Second, Travelers contends that the Magistrate Judge failed to apply the "specific presumption recognized by the Court in *Cummins* that a Reservation of Rights letter sent to an insured" under certain circumstances establishes that "the parties anticipated litigation at the time the reservation of rights letter was sent."  [Filing No. 90 at 10.]  Travelers mischaracterizes *Cummins* as establishing or relying on any such presumption; instead, the specific reservation of rights letter sent in *Cummins*—that is, the specific facts in *Cummins*—led to the conclusion that the reservation of rights letter evinced "a marked change in the relationship between the [parties] with respect to the [insured's] claim."  *Cummins*, 2011 WL 1832813, at *6.  More importantly, the Magistrate Judge explicitly considered the reservation of rights letters at issue here, and distinguished them from the letter in *Cummins*.  [Filing No. 88 at 9 (citing Filing No. 68-13).] Specifically, the Magistrate Judge reasoned:

> "Even though the . . . letters reserve rights, Travelers continued to work with the IAA to gather information and documents concerning the investigation.  Indeed, the letters reveal that Travelers and IAA were still working with each other to determine the extent of the claim at issue.  Travelers even noted that the critical issue of cause of loss remained undetermined.  The letters appear to be part of the ordinary course of Travelers' business and are not protected under the work product doctrine."

[Filing No. 88 at 9 (citing Filing No. 71-8; Filing No. 71-8 at 10).]  The reservation of rights letters and other evidence indeed reflect that the parties appear to have been working together to determine coverage during the periods these letters were sent, rather than anticipating litigation.  Given this, at the very least, the Magistrate Judge's assessment of this evidence and corresponding conclusion were not clearly erroneous.

Third, the Magistrate Judge's determination that the parties' numerous agreements to toll the contractual limitations period do not evince that Travelers anticipated litigation was not clearly erroneous.  Travelers' position is that the parties' agreements to extend the limitations period

demonstrated that they anticipated that litigation would ensue; at the very least, says Travelers, IAA's January 14, 2011 threat of litigation showed that Travelers anticipated litigation at this point. The Magistrate Judge rejected this argument, pointing out that "[b]oth Travelers and IAA sought to toll the statute of limitations throughout the investigation . . . as they continued to work together on handling claims. Thus, the mere presence of tolling the . . . limitations [period] in this case cannot be reasonably viewed as anticipation of litigation." [Filing No. 88 at 10 (citations omitted).] As to the January 14, 2011 letter, the Magistrate Judge pointed out that IAA needed to toll the limitations period or IAA would have to file suit because (1) of health problems of one of their attorneys; (2) IAA just hired a new general counsel; and (3) IAA was working on an unrelated bond issue. This letter, said the Magistrate Judge, did not change the anticipation of litigation date because the parties "continued to work collaboratively with one another after January 14, 2011." [Filing No. 88 at 10 n.6.]

Travelers does not explain what about the Magistrate Judge's assessment of the tolling evidence was clearly erroneous; instead, it essentially implores this Court to view the evidence differently. But such request is improper under the relevant standard of review. As the Magistrate Judge correctly explained, both parties were responsible for tolling the contractual limitations period during the investigation of IAA's claim. [*See, e.g.*, Filing No. 71-4 at 4 (letter dated July 12, 2012, from Travelers to IAA tolling the deadline to give Travelers "sufficient time . . . to review the box of documents received"); Filing No. 71-4 at 73 (letter dated August 20, 2008, from IAA to Travelers requesting tolling of the limitations period).] Furthermore, the Magistrate Judge explained the conclusion that the January 14, 2011 letter on which Travelers primarily relies does not demonstrate that litigation was anticipated merely because the alternative to Travelers agreeing to toll the limitations was litigation; after all, the parties "continued to work collaboratively with

one another after January 14, 2011" and the threat of litigation was in the context of a needed extension due to IAA's circumstances unrelated to this case. [Filing No. 71-4 at 32.] Simply put, the litigation threat was not made in connection with the merits of this suit but stemmed from unrelated circumstances, and given that the parties continued to work collaboratively together following that letter, the Court cannot say that the Magistrate Judge's decision was clearly erroneous.

Fourth, Travelers' argument that the Magistrate Judge failed to assess whether IAA had a substantial need for the documents at issue pursuant to Rule 26(b)(3)(A)(ii) misses the mark. Pursuant to that Rule, work product is discoverable if the party seeking the work product "shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means." Fed. R. Civ. P. 26(b)(3)(A)(ii). But the Magistrate Judge did not order Travelers to produce any work product; instead, the Magistrate Judge determined that documents dated prior to August 17, 2012 did not qualify as work product because they were not prepared in anticipation of litigation. Accordingly, there was no need for the Magistrate Judge to assess whether IAA had a substantial need for the documents at issue.

Fifth, Travelers argues that the Magistrate Judge erred in ordering a blanket production of all documents marked as work product that are dated prior to August 17, 2012, since many of the documents marked as work product are also protected from production by other privileges such as the attorney-client privilege. In response, IAA concedes that Travelers need not produce documents marked as work-product dated prior to August 17, 2012, that are protected by another privilege. This concession obviates Travelers' need to produce any such documents unless subsequently ordered to do so by the Court. Travelers' argument, however, does not provide a

basis to otherwise overrule the Magistrate Judge's decision with respect to documents marked as work product.

In sum, Travelers has failed to demonstrate that the Magistrate Judge's conclusion with respect to the anticipation-of-litigation date was clearly erroneous or contrary to law. Accordingly, Travelers' objection is overruled.

## IV.
### CONCLUSION

For the reasons stated, Travelers' Objection to the Magistrate Judge's December 23, 2014 Order Granting in Part and Denying in Part Plaintiff IAA's Motion to Compel is **OVERRULED**, [Filing No. 90], and IAA's Motion for Leave to File a Surreply is **DENIED**, [Filing No. 114].

March 9, 2015

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only to all counsel of record**