UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| INDIANAPOLIS AIRPORT AUTHORITY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 1:13-cv-01316-JMS-TAB |
| | ) | |
| TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, | ) ) | |
| | ) | |
| Defendant. | ) | |

**ORDER ON PLAINTIFF'S MOTION TO COMPEL**

**I. Introduction**

This motion is one of many discovery-related disputes pending before the Court in this contested insurance coverage case. Plaintiff Indianapolis Airport Authority's instant motion to compel seeks production of Defendant Travelers' underwriting material and claims handling manual. Travelers objects, arguing that these documents are not relevant and thus, not discoverable. For the reasons set forth below, Plaintiff's motion to compel [Filing No. 108] is granted in part and denied in part.

**II. Discussion**

*A.    Best Practices Manual*

IAA seeks Travelers' training manuals, handling procedures, guidelines, industry guidelines, or standards used to make coverage determinations. At first, Travelers produced nothing indicating that it had no responsive documents and did not possess such a manual. Soon thereafter, IAA discovered that Travelers produced a Best Practices Manual that contains procedural aspects related to its claims handling in an unrelated case. IAA now seeks production of this Best Practices Manual. Travelers refuses to produce it. Under Fed. R. Civ. P. 26(b)(1),

1

IAA may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense unless otherwise limited by court order. Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. Fed. R. Civ. P. 26(b)(1). Under Rule 37(a)(2), the Court may order Travelers to produce this discovery unless Travelers can show that IAA's discovery request is improper. *Medical Assur. Co., Inc. v. Weinberger*, 295 F.R.D. 176, 181 (N.D. Ind. 2013).

Travelers objects to production for two reasons. First, Travelers argues that the Best Practices Manual is not relevant in a declaratory judgment case without a bad faith claim. Second, Travelers contends that even if the Best Practices Manual were relevant in this case, the manual itself does not contain any statements or discussion on the meaning or construction of any contested term or provision in IAA's policy. According to Travelers, IAA only contests four policy provisions—(1) the provision indicating that Travelers will pay for loss to covered property from any of the covered causes of loss; (2) the provision indicating that Travelers will pay the necessary expense IAA incurs during the post-loss period of construction; (3) the meaning of the term policy period, and what is considered loss commencing during the policy period; and (4) the meaning of the term planned completion date. None of these provisions is discussed in the Best Practices Manual. As a result, Travelers concludes the manual is not relevant or responsive to IAA's discovery request. [Filing No. 119, at ECF p. 8.]

Contrary to Travelers' assertion, IAA's cause of action is not limited to four policy provisions. IAA advanced these four provisions in a motion for leave to file a motion for partial summary judgment so as to narrow the issues before the Court in future dispositive motions and

at trial.[1] [Filing No. 56.] In this motion, IAA expressly asserted that these four provisions will not resolve its overarching claims, but will limit subsequent issues before the Court. Assuming Travelers' Best Practice Manual does not include information concerning these four provisions, other issues of coverage under the policy still remain in the case. The manual would be helpful in determining the meaning, intent, or interpretation of these remaining policy provisions.

Travelers further relies on an unpublished opinion from this Court to assert that its Best Practices Manual is not relevant in this cause of action. *See* Order on Plaintiff's Motion to Compel (Dkts. 118, 126, and 136), *Telamon Corp. v. The Charter Oak Fire Ins. Co.*, No. 1:13-cv-00382-RLY-DML, Filing No. 144 (S.D. Ind. May 30, 2014). In *Telamon,* the insured sought Travelers' Best Practices Manual in an effort to understand the meaning of the term "employee" in the contested policy. *Telamon* found that Travelers' Best Practices Manual did not shed any light on the meaning of "employee" in the policy because the claims handling manual concerned procedures, not substantive claims terms. Moreover, Travelers had already produced "all bulletins, claims manuals, standards, checklists, memoranda, and guidelines concerning the scope of the definition of the term 'Employee' in the policy." *Telamon,* slip op. 9. The matter at hand, however, is not limited to one particular term in a contested policy, and Travelers has not produced pertinent documents that otherwise address Travelers' interpretation of the contested policy provisions.[2] In fact, Travelers' refusal to produce underwriting guidelines is also at issue in IAA's motion to compel.

---

[1] IAA filed a motion for partial summary judgment in advance of, and in addition to, a later potential dispositive motion. The Court denied IAA's partial summary judgment motion. [Filing No. 74.]

[2] Even if the Best Practices Manual includes no substantive claims terms, the procedure for handling certain claims may reveal Travelers' intent behind its policy provisions.

*Telamon* stands for the proposition that relevancy of a claims handling manual must be assessed on a case-by-case basis: "Relevance is a case-specific inquiry. . . . [I]t depends on the nature of the dispute and the nature of information contained in the subject claims manual." *Telamon,* slip op. 8, n.4.  With this in mind, the Court is hesitant to conclude that the Best Practices Manual is not relevant to IAA's cause of action especially because Travelers has refused to produce pertinent documents that otherwise address Travelers' interpretation, and IAA asserts that this manual would be relevant in construing ambiguous terms in the policy and in preparing for Elaine Bedard's deposition.[3]  Moreover, broad discovery is still the norm under the federal rules.  See *Sanyo Laser Products Inc. v. Arista Records, Inc.,* 214 F.R.D. 496, 500 (S.D. Ind. 2003) (broad discovery is the standard under Rule 26(b)(1)); *Medical Assur. Co., Inc. v. Weinberger,* 295 F.R.D. 176, 181 (N.D. Ind. 2013) ("[R]elevancy is construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter[s] that could bear on, any issue that is or may be in the case.").

This finding is consistent with *Cummins, Inc. v. Ace Am. Ins. Co.,* No. 1:09-cv-00738-JMS-DML, 2011 WL 1832813 (S.D. Ind. May 2, 2011), where the Court permitted discovery of the insurer's claims handling manual.  *Cummins* found the claims handling manual discoverable because the parties disputed the construction of the language of the policy at issue, and the policy was not wholly unambiguous so as to make the manual irrelevant.  In the present case, the Court has made no finding concerning this policy's ambiguity.  Thus, the claims handling manual is reasonably calculated to lead to the discovery of admissible evidence regarding the meaning of policy provisions.  Travelers carries the burden to show the discovery is improper, and the Court

---

[3] Bedard is one of the claims adjusters who handled IAA's claim.  Travelers designated Bedard as a hybrid fact/expert witness.  [Filing No. 121, at ECF p. 8.]

is not persuaded by Travelers' unsupported assertion that the manual is entirely irrelevant. While not required, Travelers could have filed its Best Practice's Manual *in camera* to support its argument that no information responsive to IAA's discovery request exists in the manual. Indeed, Travelers has filed other confidential materials *in camera* in other discovery-related disputes to support its argument that the information is not relevant. [Filing No. 113.] This omission is not without significance. Accordingly, IAA's motion to compel Travelers' Best Practice Manual is granted.

  B. *Underwriting materials*

IAA also seeks Travelers' underwriting materials concerning its commercial inland marine and/or builders risk insurance policies in effect from January 1, 2005, to December 31, 2009. [Filing No. 121, at ECF p. 10.] In response, Travelers produced nine pages of the relevant material with additional pages heavily redacted as nonresponsive and confidential under the protective order. IAA objects to Travelers' limited production arguing that it is entitled to review Travelers' underwriting guidelines as a whole. The Court rejects IAA's request as overbroad. Certain provisions of the underwriting guidelines Travelers withheld and included in its privilege/objection log in no way relate to the matter at hand and will not lead to admissible evidence. For example, the underwriting guideline includes provisions on mold coverage, landscaping coverage, lost papers and records coverage, as well as a provision on the release of water stream, or fluid deductible, none of which are in dispute or responsive to IAA's discovery requests. [Filing No. 119, at ECF p. 15-16.] Thus, IAA's request to review the coverage policy as a whole is denied.

In a December 9, 2014, letter, IAA requested Travelers produce certain provisions of the underwriting guidelines that appeared to be relevant based on Travelers' privilege/objection log

descriptions. These underwriting provisions have headings entitled: "Filing Status," "IM PAK Compatibility," "Requirements," "Retentions and Reinsurance," "Authority," "Additional Coverages entitled Construction Contract Penalty," "Special Core Coverage Items," "Reporting Provisions," "Part I: Building Construction," "Part II: Building Construction," "Collapse Contract Penalty," "Contracts for Construction," "Glass," "Occupancy," "Replacement Cost," "Pricing," "Reporting Policy-New Construction," and "Reinsurance." [Filing No. 110-9.] Despite IAA's effort to narrow its request, Travelers continues to withhold production claiming that a document that may be relevant is not enough to permit discovery. [Filing No. 119, at ECF p. 13-17.]

The Court has no way of knowing whether the titles included in Travelers' privilege/objection log contain relevant information. This is in large part due to the fact that Travelers provides no description in its log as to the contents of these provisions. Nevertheless, IAA's reasoning for selecting these provisions from Travelers' privilege/objection log is sound and appears reasonably calculated to lead to the discovery of admissible evidence. For example, IAA seeks Travelers' underwriting provision entitled "IM PAK Compatibility" because Travelers' insurance policy indicated that coverage and declarations were IM PAK. This provision relates to coverage under IAA's policy, which is at the heart of this case. It is therefore discoverable. The same is true of a provision entitled "Special Core Coverage Items," which appears relevant to IAA's coverage claims. Travelers' underwriting provisions entitled "Part I: Building Construction" and "Part II: Building Construction" also appear relevant because the steel towers collapsed during construction of a new facility, and this litigation concerns available coverage resulting from that collapse.

However, IAA's request for underwriting guideline provisions on Travelers' reinsurance is not discoverable. Information concerning Travelers' contractual relationship with its reinsurers is not relevant to IAA's coverage claim and includes sensitive business matters. Thus, the burden of producing these documents outweighs any benefit. See *Cummins, Inc. v. Ace American Ins. Co.,* No. 1:09-cv-00738-JMS-DML, 2011 WL 130158, at *11 (S.D. Ind. Jan. 14, 2011). The Court therefore orders Travelers to produce the narrowed list of underwriting sections IAA requested in its December 9, 2014, letter, excluding the provisions on reinsurance. [Filing No. 110-9.]

### III. Conclusion

For these reasons, IAA's motion to compel [Filing No. 108] is granted in part and denied in part. The Court grants IAA's motion to the extent that it orders Travelers to produce its Best Practices Manual and the underwriting guideline provisions IAA lists in its December 9, 2014, letter to Travelers that do not address reinsurance. The Court denies IAA's motion to compel to the extent that it seeks production of Travelers' underwriting guidelines as a whole.

Date: 4/7/2015

_____
Tim A. Baker
U.S. Magistrate Judge
Southern District of Indiana

Distribution:

Michele A. Chapnick
GREGORY AND MEYER P.C.
mchapnick@gregorylaw.com

Jenny R. Buchheit
ICE MILLER LLP
jenny.buchheit@icemiller.com

Nathaniel M. Uhl
ICE MILLER LLP
nate.uhl@icemiller.com

Rebecca J. Seamands
ICE MILLER LLP
rebecca.seamands@icemiller.com

Amanda M. Buishas
JOHNSON & BELL, LTD.
buishasa@jbltd.com

Rick L. Hammond
JOHNSON & BELL, LTD.
hammondr@jbltd.com

Samuel R. Stalker
JOHNSON & BELL, LTD.
stalkers@jbltd.com