UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| INDIANAPOLIS AIRPORT AUTHORITY, | ) |
| Plaintiff, | ) |
| vs. | ) No. 1:13-cv-01316-JMS-TAB |
| TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, | ) |
| Defendant. | ) |

**ORDER ON DEFENDANT'S MOTION TO QUASH
AND FOR A PROTECTIVE ORDER**

**I. Introduction**

Pending before the Court is Defendant Travelers' motion to quash a non-party subpoena to General Reinsurance that seeks copies of Gen Re's claims and underwriting files. Travelers' motion also seeks a protective order to prevent IAA from discovery of any reinsurance documentation from any source. For the reasons set forth below, Travelers' motion to quash [Filing No. 92] is granted.

**II. Discussion**

IAA issued a subpoena for Gen Re seeking nine types of documents: (1) any reinsurance agreements, policies, or treaties issued by Gen Re to Travelers regarding IAA, its New Midfield terminal project, or insurance policies; (2) any reinsurance agreements, policies, or treaties issued by Gen Re to Travelers maintained by Caroline Hinchey and Benjamin Owings; (3) all documents regarding quotes for facultative reinsurance Gen Re sent to Travelers; (4) any certificates of property facultative reinsurance, or declarations of property facultative reinsurance issued to Travelers; (5) documents containing reinsurance analysis relating to IAA, the New

1

Midfield terminal project, IAA's insurance policies, or the steel tower collapse; (6) all communications between Gen Re and Travelers' representatives relating to IAA, the New Midfield terminal project, IAA's insurance policies, or the steel tower collapse; (7) any loss run reports, detail loss reports, or similar documents related to IAA; (8) any notice letters or similar documents Gen Re sent to Travelers relating to IAA; and (9) any updates or status reports Travelers sent to Gen Re. [Filing No. 93-2, at ECF p. 2-8.] Travelers objects because reinsurer documents are not relevant to the claims at issue, and IAA's requests are overbroad, unduly burdensome, and not discoverable.

Under Fed. R. Civ. P. 45(c)(3)(A), the Court has the discretion to modify or quash a subpoena duces tecum where the moving party shows that the subpoena is unduly burdensome or requires disclosure of attorney-client privileged information. *Griffin v. Foley*, 542 F.3d 209, 223 (7th Cir. 2008); *CSC Holdings Inc. v. Redisi*, 309 F.3d 988, 993 (7th Cir. 2002). To determine whether a Rule 45 subpoena is unduly burdensome, the Court may weigh a number of factors including "relevance, the need of the party of the documents, the breadth of the document request, the time period covered by it, the particularity with which the documents are requested, and the burden imposed." *WM High Yield v. O'Hanlon*, 460 F.Supp.2d 891, 965-96 (S.D. Ind. 2006) (citing *Goodyear Tire & Rubber Co. v. Kirk's Tire & Auto Servicenter of Haverstraw, Inc.*, 211 F.R.D. 658, 662-63 (D. Kan. 2003)). Non-party status is also a significant factor in assessing whether a subpoena is unduly burdensome. *Id*.

A party has standing to object to a subpoena directed at a non-party only when the party claims a personal right or privilege over the documents sought. *Chaikin v. Fidelity and Guaranty Life Ins. Co.*, No. 02-C-6596, 2003 WL 22715826, at *1 (N.D. Ill. Nov. 17, 2003) (citing *Minnesota School Boards Ass'n Ins. Trust v. Employers Ins. Co. of Wausau*, 183 F.R.D.

2

627, 629 (N.D. Ill. 1999)). Travelers has standing to object to IAA's subpoena. IAA seeks information regarding a private reinsurance contract between Gen Re and Travelers. As a party to the reinsurance contract, Travelers has a claim of personal right to Gen Re's documents.

Relying on *National Union Fire Ins. Co. of Pittsburgh, PA v. Mead Johnson & Co.*, No. 3:11-cv-00015-RLY-WGH, 2014 WL 931947 (S.D. Ind. Mar. 10, 2014) and *Cummins, Inc. v. Ace American Ins. Co.,* No. 1:09-cv-00738-JMS-DKL, 2011 WL 130158 (S.D. Ind. Jan. 14, 2011), Travelers argues that the reinsurance documents IAA seeks contain sensitive business information typically not relevant to coverage itself. To be sure, Indiana courts have ruled that a reinsurance contract is a commercially sensitive contract separate and distinct from the original insurance policy. *State of Fla. Ex re. O'Malley v. Department of Ins.,* 291 N.E.2d 907, 913 (Ind. Ct. App. 1973); *see Cummins,* 2011 WL 130158, at *10-11. Still, this Court found reinsurance documents discoverable under *Cummins* to aid in construing ambiguous policy terms in a coverage dispute. *Cummins,* 2011 WL 130158, at *10-11. In the same way, *Mead Johnson* held that reinsurance communications were irrelevant in a coverage dispute that involved unambiguous policy terms.[1] *Mead Johnson,* 2014 WL 931947, at *4. IAA argues that Gen Re's reinsurance communications are discoverable because the Court may find the contested policy terms ambiguous, and communications between the insured and reinsured would shed light on Travelers' interpretation of the terms.

---

[1] Travelers' reliance on *Mead Johnson* to support its claim that reinsurance documents are commercially sensitive in nature and thus considered protected trade secrets is misplaced. *Mead Johnson* sustained a Rule 72 objection to the Magistrate Judge's ruling that reinsurance communications were discoverable. In making this determination, the Court relied on the policy terms at issue. Concluding that the policy terms were not ambiguous, the Court determined that the meaning of the claim terms in reinsurance communications were not relevant to the litigation. *Mead Johnson,* 2014 WL 931947, at *4.

3

While *Cummins* found reinsurance relevant and discoverable in some circumstances, it set forth limitations on permissible discovery. IAA's subpoena exceeds these limitations. IAA seeks production of all documents relating to IAA, the New Midfield terminal project, or IAA's insurance policies, which would include all phases of construction and the related insurance policies. In effect, IAA requests reinsurance discovery from 2005 through July 10, 2013, despite the fact that the steel tower collapse at issue in this litigation occurred January 24, 2007. Under *Cummins*, only reinsurance communications that discuss a contested policy would be relevant to construe an ambiguous term and thus, discoverable. IAA's requests span over eight years and focus not only on communications related to the policy at issue, but also on pre-claim and pre-reinsurance policy issuance. These requests are unduly burdensome to Gen Re.

More important, Travelers asserts that communications between Travelers and Gen Re provide no information that could construe any potentially ambiguous terms in IAA's policy. Four reinsurance documents exist that relate to the policy at issue. Two of the documents Travelers has already produced, the remaining two documents Travelers filed with the Court for *in camera* review. [Filing No. 113.] According to Travelers, these two remaining documents contain information regarding reserve information, which the Court already precluded from discovery. [*See* Filing No. 88.] After reviewing the documents *in camera*, the Court finds that such documents are not relevant. The documents contain numerical data on the reinsurance period and the amount of direct dollars incurred, paid, and outstanding. They do not speak to Travelers' intent and do not clarify any ambiguous terms of the policy. In other words, Gen Re is a non-party in this matter and the overbroad communications IAA seeks contain commercially sensitive information related to Gen Re, none of which is at issue in this case or relevant to

potentially ambiguous terms in the policy.[2] Travelers has proved that IAA's subpoena unduly burdens Gen Re. Thus, Gen Re's documents are not discoverable, and Travelers' motion to quash is granted.

IAA argues that Travelers has not demonstrated good cause for its request for a protective order to prevent IAA from obtaining any discovery of reinsurance documentation from any source. Under Fed. R. Civ. P. 26(c)(1), the Court may issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense by forbidding discovery disclosure, among other things. The party seeking the protective order has the burden to demonstrate good cause. *Catt v. Affirmative Ins. Co.*, No. 2:08-cv-243-JVB-PRC, 2009 WL 1228605, at *3 (N.D. Ind. Apr. 30, 2009). Travelers has done just that. IAA's subpoena is unduly burdensome and seeks commercially sensitive information. In a separate order issued on this date the Court has precluded IAA from discovering underwriting guideline provisions on Travelers' reinsurance documents. Likewise, IAA is precluded from seeking discovery of Travelers' reinsurance documents.

**III. Conclusion**

For these reasons Travelers' motion to quash [Filing No. 92] is granted and IAA is precluded from obtaining any discovery of reinsurance documentation.

Date: 4/7/2015

_____
Tim A. Baker
U.S. Magistrate Judge
Southern District of Indiana

---

[2] IAA seeks documents related to Gen Re's internal underwriting, quotations, ratings, and premiums, which is confidential and propriety information of economic value that is unique to Gen Re. *See* Ind. Code § 24-2-3-2; *Hamilton v. State Farm Mut. Auto. Ins. Co.,* 204 F.R.D. 420, 423 (S.D. Ind. 2001).

Distribution:

Michele A. Chapnick
GREGORY AND MEYER P.C.
mchapnick@gregorylaw.com

Jenny R. Buchheit
ICE MILLER LLP
jenny.buchheit@icemiller.com

Nathaniel M. Uhl
ICE MILLER LLP
nate.uhl@icemiller.com

Rebecca J. Seamands
ICE MILLER LLP
rebecca.seamands@icemiller.com

Amanda M. Buishas
JOHNSON & BELL, LTD.
buishasa@jbltd.com

Rick L. Hammond
JOHNSON & BELL, LTD.
hammondr@jbltd.com

Samuel R. Stalker
JOHNSON & BELL, LTD.
stalkers@jbltd.com