UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| INDIANAPOLIS AIRPORT AUTHORITY,   ) | |
|     *Plaintiff*,                                        ) | |
| ) | |
|     *vs.*                                                 ) | 1:13-cv-01316-JMS-TAB |
| ) | |
| TRAVELERS PROPERTY CASUALTY COMPANY ) | |
| OF AMERICA,                                         ) | |
|     *Defendant.*                                  ) | |

## ORDER

Presently pending before the Court is Defendant Travelers Property Casualty Company of America's ("Travelers") Objection to the Magistrate's Order denying Travelers permission to depose Plaintiff Indianapolis Airport Authority's ("IAA") hybrid expert witness, Richard Potosnak, for longer than the presumptive seven-hour limit imposed by the Federal Rules of Civil Procedure. [Filing No. 115.]  For the reasons that follow, the Court **SUSTAINS** Travelers' objection to the Magistrate Judge's decision.  Travelers may depose Mr. Potosnak for an additional four hours.

### I.
#### BACKGROUND

This suit involves a dispute regarding insurance coverage.  IAA, the insured party, brought this suit against its insurer, Travelers, for coverage of its claim relating to the collapse of temporary shoring towers used in the construction of IAA's new midfield terminal project.  IAA alleges that Travelers breached the insurance contract and seeks a declaratory judgment regarding its coverage under the insurance policy.

On November 26, 2014, the Magistrate Judge denied Travelers' request that it be permitted to depose Mr. Potosnak for longer than seven hours.  [Filing No. 79.]  Travelers filed an objection to this ruling pursuant to Rule 72(a).  [Filing No. 80.]  The Court denied the objection without

- 1 -

prejudice, and remanded the matter back to the Magistrate Judge "for further findings and to elaborate the basis for the decision." [Filing No. 96.] The Magistrate Judge elaborated the basis for the ruling, [Filing No. 103], and Travelers then renewed its objection, [Filing No. 115]. Further background facts are detailed only to the extent necessary to rule on the parties' objection and motion.

## II.
### STANDARD OF REVIEW

The district court's review of any decision by a magistrate judge on a non-dispositive motion is governed by Rule 72(a) of the Federal Rules of Civil Procedure. This Court can only sustain an objection to a nondispositive order by a magistrate judge when the order is "clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); *see* 28 U.S.C. § 636(b)(1)(A). "The clear error standard means that the district court can overturn the magistrate judge's ruling only if the district court is left with the definite and firm conviction that a mistake has been made." *Weeks v. Samsung Heavy Industries Co., Ltd.*, 126 F.3d 926, 943 (7th Cir. 1997). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Pain Center of SE Ind., LLC v. Origin Healthcare Solutions, LLC*, 2014 WL 6674757, *2 (S.D. Ind. 2014) (citations and quotation marks omitted).

## III.
### DISCUSSION

The Court will begin by setting forth the relevant law before turning to the Magistrate Judge's reasoning and the parties' arguments regarding the Magistrate Judge's decision.

The Federal Rules of Civil Procedure provide that, "[u]nless otherwise stipulated or ordered by the court, a deposition is limited to 1 day of 7 hours. The court **must** allow additional time consistent with Rule 26(b)(2) if needed to fairly examine the deponent or if the deponent,

another person, or any other circumstance impedes or delays the examination." Fed. R. Civ. P. 30(d)(1) (emphasis added).  The advisory committee notes to the 2000 amendments to Rule 30 set forth examples of several factors the Court may consider in deciding whether grounds for an extended deposition exist:

> Parties considering extending the time for a deposition—and courts asked to order an extension—might consider a variety of factors.  [1] For example, if the witness needs an interpreter, that may prolong the examination.  [2] If the examination will cover events occurring over a long period of time, that may justify allowing additional time.  [3] In cases in which the witness will be questioned about numerous or lengthy documents, it is often desirable for the interrogating party to send copies of the documents to the witness sufficiently in advance of the deposition so that the witness can become familiar with them. Should the witness nevertheless not read the documents in advance, thereby prolonging the deposition, a court could consider that a reason for extending the time limit.  [4] If the examination reveals that documents have been requested but not produced, that may justify further examination once production has occurred.  [5] In multi-party cases, the need for each party to examine the witness may warrant additional time, although duplicative questioning should be avoided and parties with similar interests should strive to designate one lawyer to question about areas of common interest. Similarly, should the lawyer for the witness want to examine the witness, that may require additional time.  [6] Finally, with regard to expert witnesses, there may more often be a need for additional time—even after the submission of the report required by Rule 26(a)(2)—for full exploration of the theories upon which the witness relies.

Fed. R. Civ. P. 30(d)(1), Advisory Committee Notes (2000).

The Magistrate Judge relied exclusively on the six considerations set forth in the advisory committee notes to Rule 30(d)(1) in determining that Mr. Potosnak's deposition should not be extended beyond the presumptive seven-hour limit.  [Filing No. 103 at 2-3.]  Specifically, the Magistrate Judge concluded that only one of the six factors—that Mr. Potosnak was a hybrid fact/expert witness—supported Travelers' request for an extended deposition and reasoned that this was insufficient to overcome the presumptive seven-hour limit.  [Filing No. 103 at 3.]  The Magistrate Judge also noted that Travelers failed to send IAA or Mr. Potosnak any of the relevant documents in advance of the deposition as contemplated by the advisory committee notes, and

thus it was in part at fault for the fact that the deposition was not streamlined. [Filing No. 103 at 3.]

Travelers argues that the Magistrate Judge's decision is contrary to law because he treated the factors in the advisory committee notes as exclusive and did not address that the rule states that the Court "must allow additional time" if necessary for a fair examination of the deponent. [Filing No. 115 at 2-5.] Moreover, Travelers argues that the Magistrate Judge erred in concluding that only one of the six considerations set forth in the advisory committee notes were met, as at least four of the factors weigh in favor of extending the deposition. [Filing No. 115 at 6-16.] Specifically, Travelers argues that an extended deposition was necessary because Mr. Potosnak is IAA's central witness, that his testimony will cover several years and thousands of pages of documents, and that he is testifying as a hybrid expert and fact witness. [Filing No. 115 at 6-14.] Finally, Travelers argues that the deposition was hindered and delayed by IAA and Mr. Potosnak via numerous unwarranted objections and unresponsive and evasive answers, respectively. [Filing No. 115 at 14-16.]

IAA responds that Travelers was given a sufficient amount of time to fairly depose Mr. Potosnak. [Filing No. 120 at 9-15.] Although IAA acknowledges that Mr. Potosnak is a hybrid expert and fact witness, it maintains that this alone is insufficient to warrant an extension of time. [Filing No. 120 at 14.] IAA also disputes Travelers' contention that IAA impeded or delayed the deposition via unwarranted objections or evasive answers, arguing instead that it was Travelers who utilized significant portions of the seven hours to improperly argue with Mr. Potosnak. [Filing No. 120 at 15-17.] Lastly, IAA argues that Travelers should have requested an extended deposition prior to, rather than following, the deposition. [Filing No. 120 at 15.]

Travelers replies that IAA in its response brief acknowledges that at least three of the six factors set forth in the advisory committee notes are met—namely, that the examination covers events occurring over a long period of time, that documents had been requested but not produced, and that Mr. Potosnak is an expert. [Filing No. 124 at 1-6.] Travelers further contends that there is no requirement to request an extended deposition before the deposition occurs. [Filing No. 124 at 7.] Lastly, Travelers notes that despite the numerous briefs that both parties have submitted regarding this issue, IAA has not ever contended that four additional hours to question Mr. Potosnak will cause an undue burden or hardship. [Filing No. 124 at 9-10.]

The Court agrees with Travelers that the Magistrate Judge erred in denying it the opportunity to depose Mr. Potosnak for longer than seven hours. As an initial matter, the Magistrate Judge treated the considerations in the advisory committee notes as the exclusive factors in the analysis. This was improper. The advisory committee notes state that "courts asked to order an exten[ed deposition] *might* consider a variety of factors," and then sets forth six considerations as "*example[s]*." Fed. R. Civ. P. 30(d)(1), Advisory Committee Notes (2000) (emphases added). Simply put, they are examples that the Court may consider, among others, in determining whether an extended deposition is warranted. *See Blackmon v. Bd. of Cnty. Com'rs of Sedgwick Cnty., Kan.*, 2011 WL 663195 (D. Kan. 2011) ("In assessing the presence of good cause, the factors set out in the 2000 Advisory Committee notes do not appear to be exclusive, and the Court can consider any facts that bear on the question of whether additional time is required in order for Plaintiff to be able to fairly examine these three fact witnesses."). The rule broadly requires the Court to allow additional time "if needed to fairly examine the deponent . . . or [if] any circumstance impedes or delays the examination." Fed. R. Civ. P. 30(d)(1). Because the Magistrate Judge addressed only the six considerations in the advisory committee notes when, as discussed further

below, there were other relevant considerations, the decision was contrary to law. *See Pain Center of SE Ind., LLC*, 2014 WL 6674757 at *2 ("An order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure.").

The Court must therefore undergo its own Rule 30(d)(1) analysis, but it will begin with the considerations set forth in the advisory committee notes and the Magistrate Judge's evaluations of them before turning to other relevant factors. The Magistrate Judge concluded—and the parties both recognize—that Mr. Potosnak is testifying as a hybrid expert and fact witness, and this favors extending the deposition. *See* Fed. R. Civ. P. 30(d)(1), Advisory Committee Notes (2000) ("Finally, with regard to expert witnesses, there may more often be a need for additional time . . . for full exploration of the theories upon which the witness relies."). According to the Magistrate Judge, none of the other factors weigh in favor of extending the deposition. But the Court disagrees. For example, another factor in favor of an extended deposition is "[i]f the examination will cover events occurring over a long period of time." Fed. R. Civ. P. 30(d)(1), Advisory Committee Notes (2000). Travelers contends, and IAA does not dispute, that Mr. Potosnak's testimony included events regarding the airport construction project spanning several years. [Filing No. 124 at 2 (citing Filing No. 80-3 at 7-9).] This factor indisputably also weighs in favor of extending the deposition, and thus the Magistrate Judge's decision to the contrary was clearly erroneous.

Additional considerations not explicitly set forth in the advisory committee notes favor granting Travelers additional time to depose Mr. Potosnak. First and foremost, Mr. Potosnak is a central witness to the case and his testimony will involve a large volume of documentary evidence. By his own testimony, Mr. Potosnak was the "owner's technical representative" on the construction project at issue, [Filing No. 80-3 at 7], and on a full-time basis "serve[d] as [IAA's] eyes and ears with respect to . . . the project," [Filing No. 80-3 at 71]. IAA identified him in numerous

interrogatory responses as a witness who will offer testimony on the key issues in the case, [*see, e.g.*, Filing No. 80-5 at 15-19; Filing No. 80-5 at 33-34; Filing No. 80-5 at 38-39], and its hybrid expert disclosure reveals the same, [Filing No. 80-6 at 2-3]. IAA attempts to downplay the importance of Mr. Potosnak's testimony, but it acknowledges that "Mr. Potosnak's testimony is important to a number of IAA's claims." [Filing No. 120 at 13.] Furthermore, although the parties dispute the precise number of documents involved in Mr. Potosnak's testimony, it is at least potentially several thousand. [*See* Filing No. 115-2 (showing that Mr. Potosnak is IAA's custodian for several thousand documents).] This fact, combined with the facts that Mr. Potosnak is IAA's central witness and is testifying at least in part as an expert witness in a multi-million dollar insurance dispute, demonstrate that Travelers needs additional time beyond the seven-hour presumptive limit to "fairly examine" the deponent. *See* Fed. R. Civ. P. 30(d)(1); *see also United States v. City of Evansville*, 2012 WL 3867134, *1-3 (S.D. Ind. 2012) (concluding that good cause existed for an extended deposition pursuant to Rule 30(d)(1) given that the witness in question was an important witness and his testimony covered several years, numerous documents, and many legal and factual issues). Thus, the Magistrate Judge's decision, which did not consider these factors, was clearly erroneous.

      Not only is Travelers entitled to additional time in order to "fairly examine" Mr. Potosnak, but Rule 30(d)(1) also requires the Court to grant additional time if "any other circumstance impedes or delays the examination." Fed. R. Civ. P. 30(d)(1). The Court agrees with Travelers that IAA's counsel impeded efficient use of the presumptive seven-hour deposition by leveling numerous objections (240 by Travelers' count), some of which were lengthy speaking objections, and many of which lacked merit. [*See, e.g.*, Filing No. 80-3 at 17-18; Filing No. 80-3 at 30; Filing No. 80-3 at 66-67.] This repeated use of meritless objections bordered on inappropriate and frustrated

the efficient use of the allotted deposition time. Such an impediment to the examination of Mr. Potosnak requires the Court to provide Travelers with additional time to depose Mr. Potosnak.[1] *See* Fed. R. Civ. P. 30(d)(1).

In conclusion, the Court highlights that "Rule 30(d)(2) itself does not cap depositions categorically at seven hours. Instead, it states that the court [must] authorize more time 'for a fair examination.'" *Nat'l Athletic Sportswear, Inc. v. Westfield Ins. Co.*, 528 F.3d 508, 521 (7th Cir. 2008) (quoting Fed. R. Civ. P. 30(d)(2)). A fair examination of Mr. Potosnak—IAA's central witness who is a hybrid expert and fact witness and will potentially testify regarding thousands of documents in this multi-million dollar insurance dispute—requires more than seven hours in this case. Although this might not be true in every analogous case, it is certainly true here given that IAA impeded the efficient use of allotted deposition time by consistently leveling meritless objections to Travelers' questioning of Mr. Potosnak. The Magistrate Judge's decision was contrary to law in that it placed too much weight on the presumptive time limit and the considerations set forth in the advisory committee notes, failed to acknowledge the mandatory nature of the Rule's provisions, and was clearly erroneous in that more than one of the considerations outlined therein favored Travelers' request for an extension.

For these reasons, the Court grants Travelers' request to depose Mr. Potosnak for an additional four hours. Notably, despite the significant time and effort the parties have spent arguing over the length of Mr. Potosnak's deposition, IAA has never suggested that an additional four-

---

[1] The Court rejects IAA's argument that Travelers was required to seek additional time prior to the deposition. Nothing in Rule 30(d) requires this, and other courts have granted additional deposition time following an initial deposition. *See, e.g.*, *City of Evansville*, 2012 WL 3867134, at *3. Furthermore, Rule 30(d)(1) broadly contemplates consideration of "any other circumstance [that] impedes or delays the examination." As is the case here, this must encompass the consideration of unforeseen conduct that occurs during the scheduled deposition that impedes the examination of the witness. Accordingly, IAA's argument is meritless.

hour deposition would be unduly burdensome to it or its witness.  This is but another reason a relatively short extended deposition is warranted.  IAA is cautioned that it must not impede the efficient completion of Mr. Potosnak's deposition by using meritless objections to disrupt the questioning during the four additional hours.

### IV.
#### CONCLUSION

For the foregoing reasons, the Court **SUSTAINS** Travelers' Objection to Magistrate's Order.  [Filing No. 115.]  Travelers is granted an additional four hours to depose Mr. Potosnak pursuant to Rule 30(d)(1).  The undersigned also notes that this case involves more discovery disputes than the undersigned's other non-prisoner civil cases combined.  Counsel are reminded that discovery is intended to be a self-managed process, *see* Fed. R. Civ. Pro. 29(b), and the size of the amount in controversy does not alter that principle.  The record before the Court reveals a lack of cooperation that appears to have obstructed, rather than elucidated, the development of the factual record in this case.

Date:  July 21, 2015

_____
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only to all counsel of record**