UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| INDIANAPOLIS AIRPORT AUTHORITY,             )<br>                                              )<br>            *Plaintiff*,             )<br>                                              )<br>      *vs.*                                  )         No. 1:13-cv-01316-JMS-MPB<br>                                              )<br>TRAVELERS PROPERTY CASUALTY COMPANY OF         )<br>AMERICA,                                      )<br>                                              )<br>            *Defendant*.                    )  | |

## **ORDER**

Presently pending before the Court, among other motions, is Plaintiff Indianapolis Airport Authority's ("IAA") Motion for Leave to File Supplemental Appendix of Evidence and Surreply in Opposition to Travelers' Cross-Motion for Summary Judgment. [Filing No. 260.] In its motion, IAA argues that it is entitled to file a Surreply under Local Rule 56-1(d) because Defendant Travelers Property Casualty Company of America ("Travelers") "filed eleven new exhibits and presented new arguments based on these exhibits," "[m]any of these arguments are not supported by the evidence," and "IAA should have the opportunity to correct these errors, which may mislead the Court on issues related to the parties' cross motions for summary judgment." [Filing No. 260 at 1-2.] IAA also contends that Travelers challenges the admissibility of certain testimony from Richard Potosnak which IAA relies upon in support of its Motion for Summary Judgment. [Filing No. 260 at 2.] IAA "seeks leave to submit a short, nine page surreply," and "a Supplemental Appendix of Evidence…to rebut evidence and arguments submitted by Travelers in its Reply." [Filing No. 260 at 2.]

> Local Rule 56-1(d) provides:
>
> A party opposing a summary judgment motion may file a surreply brief only if the movant cites new evidence in the reply or objects to the admissibility of the evidence cited in the response. The surreply must be filed within 7 days after the movant serves the reply and must be limited to the new evidence and objections.

IAA attaches a copy of the surreply it seeks to file to its motion, [Filing No. 260-1], and the Court's review of the surreply indicates that it goes well beyond the confines of Local Rule 56-1(d).

First, IAA discusses Travelers' "Reply To IAA's Response To Travelers' Facts" by addressing Travelers' reply to nine statements of fact. [Filing No. 260-1 at 1-4.] Many of these statements by Travelers, however, do not involve "new evidence" cited by Travelers, but rather cite to exhibits already discussed in IAA's and Travelers' opening briefs. [*See, e.g.*, Filing No. 255 at 7-8 (Travelers' Reply regarding Statement of Fact 40 (which cites to excerpts from the deposition of Richard Potosnak that Travelers filed with its initial brief) and Travelers' Reply to Statement of Fact 45 (which also cites to earlier-filed excerpts from the Potosnak deposition)).]

Second, IAA asserts that the opinion of Travelers' expert, David Schlader, is inadmissible, [Filing No. 260-1 at 7-8], but Mr. Schlader's testimony is not new evidence. In fact, IAA already addressed that testimony in its Response/Reply brief. [*See, e.g.*, Filing No. 246 at 18-19; Filing No. 246 at 32; Filing No. 246 at 44.] Local Rule 56-1(d) does not allow the filing of a surreply to contest the admissibility of evidence already discussed by the same party in an earlier brief.

Third, IAA includes three sections in its surreply that have nothing to do with new evidence or an admissibility issue – a discussion of the *Crete-Monee* case, a discussion of the policy's appraisal provision, and a discussion of the policy's delay exclusion. Even if these issues were raised for the first time by Travelers in its Reply brief, nothing in Local Rule 56-1(d) allows for a surreply when the issues do not involve new evidence or challenges to the admissibility of evidence.

In short, while IAA may properly address one issue for which a surreply is allowed, [*see* Filing No. 260-1 at 4-7 (responding to Travelers' argument that portions of Mr. Potosnak's testimony are inadmissible)], the majority of IAA's surreply appears to simply be an attempt to get the last word. IAA could have submitted a proposed surreply focused only on the issue of the admissibility of Mr. Potosnak's testimony, but it chose not to do so and instead to include other arguments that are clearly not permitted under Local Rule 56-1(d). IAA overreached, and the Court will not condone such practice.

Accordingly, the Court will not consider IAA's surreply, particularly when the parties have already submitted very extensive briefs in support of their cross motions for summary judgment. Additionally, the Court notes that the parties have filed 91 pages in briefs and exhibits just on the issue of whether IAA should be permitted to file a surreply. [*See* Filing No. 260 and exhibits; Filing No. 270 and exhibit; Filing No. 275.] At some point enough is enough, and that point is now.

IAA's Motion for Leave to File Supplemental Appendix of Evidence and Surreply in Opposition to Travelers' Cross-Motion for Summary Judgment, [Filing No. 260], is **DENIED**.

Date: March 23, 2016

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only to all counsel of record**