**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| INDIANAPOLIS AIRPORT AUTHORITY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:13-cv-01316-TWP-MPB |
| | ) | |
| TRAVELERS PROPERTY CASUALTY | ) | |
| COMPANY OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER ON PARTIES' RULE 72 OBJECTIONS TO THE MAGISTRATE JUDGE'S ORDER TO ESTABLISH PROCEEDINGS ON REMAND

Following remand from the Seventh Circuit Court of Appeals, consistent with the Local Rules, the Court instructed the parties to submit position statements regarding the next steps in this litigation. The parties submitted position statements which disputed how the Court should proceed. Upon the Court's invitation, the parties filed motions regarding the position statements, which prompted extensive briefing. The Court referred the position statement motions to the Magistrate Judge, who issued an Order granting in part and denying in part each party's motion (Filing No. 409). The Magistrate Judge concluded, "This matter is ready to be set for deadlines with regards to pretrial motions, a final pre-trial, and jury trial in accordance with the Opinion of the Seventh Circuit Court of Appeals and this Entry." *Id.* at 12. Each party filed juxtaposed objections to the Magistrate Judge's Order, reiterating their previous positions and arguing error in the unfavorable portion of the ruling while offering support to the favorable portion of the ruling (Filing No. 410; Filing No. 411).

The parties agree on one thing: "The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to

law." Fed. R. Civ. P. 72(a). "The clear error standard means the district court can overturn the magistrate judge's ruling only if the district court is left with the definite and firm conviction that a mistake has been made." *Weeks v. Samsung Heavy Indus. Co., Ltd.*, 126 F.3d 926, 943 (7th Cir. 1997). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Coley v. Landrum*, 2016 U.S. Dist. LEXIS 13377, at *3 (S.D. Ind. Feb. 4, 2016) (citation and quotation marks omitted).

Plaintiff Indianapolis Airport Authority ("IAA") argues the Magistrate Judge's Order is contrary to law regarding the Seventh Circuit's interpretation of the insurance policy at issue. Defendant Travelers Property Casualty Company of America ("Travelers") argues the Magistrate Judge's Order is clearly erroneous regarding its refusal to compel IAA to create and provide new or revised damages documentation. After review of the Seventh Circuit's Opinion and Mandate, the parties' briefs (including the briefing on the motions prior to the appeal), and the Magistrate Judge's Order, the Court "is left with the definite and firm conviction" that the Magistrate Judge's Order is not clearly erroneous on the facts or the law nor is it contrary to law. The parties' objections are simply disagreements based on their respective interpretations of the facts, the insurance policy, and the Seventh Circuit's Opinion. Thus, the Court **adopts** the Magistrate Judge's Order in its entirety and **overrules** the parties' Objections.

For a more robust discussion of the background and legal analysis of the issues raised by the parties, the Court refers the parties back to the thorough and well-reasoned Order of the Magistrate Judge (Filing No. 409). The Court notes that this case is very old. The events giving rise to this litigation are very old. The parties have briefed and re-briefed the same arguments and issues many times. Regarding its request to compel IAA to provide new damages documentation, Travelers fixates on one of the two suggestions found in the opinion of the Seventh Circuit Court

of Appeals while ignoring the other viable suggestion to simply proceed to trial to resolve this old case. Travelers has stated *ad nauseam* that IAA's documents were created and produced prior to the Seventh Circuit's ruling on the insurance policy's interpretation and the new "landscape" for damages. If this new landscape required new, revised damages documentation before proceeding to trial, the Seventh Circuit would have stated so, rather than suggesting the second option of resolving the issues at trial.

Requiring a revised damages document is not a prerequisite to proceed to trial. The parties are encouraged to pursue settlement negotiations in an effort to resolve the lingering dispute, and as part of that process, the parties may want to exchange additional documents with revised or updated damages calculations in an effort to facilitate negotiations. However, a revised calculation is not necessary for trial. In addition, the Court declines IAA's two-sentence invitation to certify this Order for interlocutory appeal.

### CONCLUSION

The parties' Objections (Filing No. 410; Filing No. 411) are **OVERRULED**. The Court **ADOPTS** the Magistrate Judge's Order (Filing No. 409). The parties are **ORDERED** to confer and file a joint proposed case management plan and schedule a status conference with the Magistrate Judge for approval of the deadlines **within ten (10) days** of this Entry.

This matter will be set for final pre-trial conference and jury trial by separate order.

**SO ORDERED.**

Date: 11/16/2017

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Rebecca J. Seamands
ICE MILLER LLP
rebecca.seamands@icemiller.com

Michele A. Chapnick
GREGORY AND MEYER, P.C.
mchapnick@gregorylaw.com

Jenny R. Buchheit
ICE MILLER LLP
jenny.buchheit@icemiller.com

Alan G. Gregory
GREGORY AND MEYER, P.C.
agregory@gregorylaw.com

Nathaniel M. Uhl
ICE MILLER LLP
nate.uhl@icemiller.com

Rick L. Hammond
HEPLER BROOM, LLC
rick.hammond@heplerbroom.com